## CIRCUIT COURT OF PRINCE WILLIAM COUNTY

Donald J. French

v.

Norfolk Southern Ry. Co. et al.

January 8, 2001

Case No. (Law) 48914

BY JUDGE WILLIAM D. HAMBLEN

The above-styled action was tried to a jury over nine days during the months of September and October 2000. The jury returned an award of compensatory damages in the amount of $45,944,293.90 together with interest thereon from the date of the accident, May 2, 1997. The trial constituted an extensive exploration of the degree to which the plaintiff had in fact been injured by the conceded negligence of the defendant. Present at his place of employment on May 7, 1997, the plaintiff sustained serious injuries when the defendant's train derailed, colliding with and destroying the building in which the plaintiff was located.

The matter is now before the court for resolution of the defendant's post-trial motions seeking to have the verdict set aside and a new trial ordered. In the alternative, the defendant seeks an order requiring the plaintiff to remit a substantial part of his recovery or submit to a new trial as provided for in Va. Code § 8.01-383.

The defendant contends that the verdict must be set aside as excessive because of improper advocacy by plaintiff's counsel, as well as the erroneous admission and rejection of certain evidence. Taken together, the defendant contends, these actions by counsel and the court served to improperly prejudice the jury against the defendant and resulted in a verdict which was the product of passion and was not grounded upon a dispassionate examination and analysis of the evidence. This infirmity was both evidenced in and exacerbated by, the defendant contends, the award of pre-judgment

interest on the entirety of the compensatory award that was included in the verdict.

The defendant argued at trial prior to the submission of the case to the jury that the plaintiff had failed to properly seek such an award of prejudgment interest in his pleadings, a proposition which was ultimately unavailing. That aside, the defendant now asserts that this award is excessive because it provides interest on components of the compensatory award which, within the calculus of either party, necessarily represent prospective losses which the plaintiff has yet to incur. Finally, the defendant argues the verdict must be set aside and a new trial had because of certain errors made by the court in the admission and rejection of evidence during the trial. For the reasons stated *infra*, the court is of the view that the verdict is excessive and that it must be set aside and the defendant awarded a new trial.

An examination of the transcript of this trial, through the plaintiff's rebuttal argument, reveals a substantial number of pejorative arguments and references by plaintiff's counsel, explicit or veiled, about defendant or its counsel, which bore no relationship to the merits of this litigation. These included repeated derisive references to counsel for the defendant as the "railroad lawyer," which the court felt compelled, albeit belatedly, to bring to a halt. In addition the plaintiff's counsel alluded to and characterized the nature of defendant's counsel's divorce proceeding; and characterized him as engaging in "spin" and other behavior of a like kind, all of this before the jury, all of it wholly improper; and all of it wholly uncalled for.

Improper argument by plaintiff's counsel included a request for the members of the jury to put themselves in the position of the plaintiff. The plaintiff additionally extended to the jury an invitation to speculate with respect to what may have transpired in the defendant's boardroom, which had as its objective the (implicitly) unfair defeat of the plaintiff's claim.

The plaintiff presented evidence regarding the type of signal system that controlled the portion of track on which the derailment had occurred. Designed to portray the defendant in a bad light, this evidence was immaterial, and the subject of a delayed objection and curative instruction. In a somewhat related vein, the plaintiff presented evidence, through the testimony of the witness Barton, pertaining to the condition and presence of a switch device immediately after the derailment. This testimony can only be viewed to have been intended to leave the jury with the impression that the defendant had engaged in some nefarious behavior after the derailment intended to conceal or obfuscate its responsibility therefore.

The record of this trial includes these and other factors which, in the court's view, were designed to, or in any event had the effect of, inflaming the

jury against the defendant. Cumulatively, they constituted an invitation to the jury to punish the defendant, an invitation that was ultimately accepted. Some of these improprieties elicited objections, timely or otherwise; others did not. That said, they nevertheless merit consideration as constituting part of the trial process of which this verdict is the ultimate result.

Finally, the prejudgment interest component of the verdict merits some scrutiny. As stated above, the jury returned a general verdict for compensatory damages together with interest on the entire amount thereof from the date of the plaintiff's injury. This award included, perforce, a yield on sums representing components of damages contained in the recovery which the plaintiff, under any view of the evidence, has not incurred. This was a result allowable under the instructions and accurately recorded on the verdict form which both parties had previously approved.

The plaintiff asserts that, this being so, the defendant cannot now be heard to complain of any error in this regard. That decision, strictly speaking, is not now before this court for resolution. What is true, however, is that it is appropriate to consider this award of interest in the ultimate resolution of the core inquiry, to wit, whether the verdict was motivated by passion or prejudice or so disproportionate to the injuries sustained as to suggest it was not the product of impartial analysis and decision making. So viewed, it is strongly indicative thereof. By any permissible evaluation of the injuries sustained by the plaintiff, the jury awarded interest from the date of the accident on substantial sums embodied in the recovery that can only be characterized as damages the plaintiff has yet to sustain. In so doing, the jury evidenced a punitive turn of mind which, taken together with other matters touched on above, is troublesome in the extreme.

The court is extremely reluctant to disturb this verdict which was reached, all other considerations aside, at no doubt considerable expense to the parties and after a great deal of hard work by the members of this jury. However:

> If it appears that the verdict is so excessive as to shock the conscience of the court and to create the impression that the jury has been influenced by passion . . . or if the award is so out of proportion to the injuries suffered to suggest that it is not the product of a fair and impartial decision, then it becomes the plain duty of the judge, acting within his legal authority, to correct the injustice.

*Smithey v. Sinclair Refining Co.*, 203 Va. 142, 146, 122 S.E.2d 872 (1961).

Such is the case here. This verdict bears no reasonable relationship to the damages proved. It is unfair. The motion by the defendant to set aside this verdict is granted, and a new trial limited to the issue of damages will be held.